(162 App. Div. 134)

COLEMAN & KRAUSE v. CITY OF NEW YORK et al.   (No. 5669.)

(Supreme Court, Appellate Division, First Department.   May 1, 1914.)

1. MUNICIPAL CORPORATIONS (§ 373*)—CONCLUSIONS OF LAW—APPLICABILITY TO FACTS.

In an action to foreclose a mechanic's lien against a city improvement, where plaintiff had consistently asserted that its claim for extras above the contract price was for additional work and, at the trial, announced it would offer no proof as to such extras but gave no reason therefor, a conclusion of law by the court, that no evidence was given as to such items because they were in the nature of damages for breach of contract which could not be included in such proceedings, was unsupported by the record and should be stricken.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 913; Dec. Dig. § 373.*]

2. MUNICIPAL CORPORATIONS (§. 373*)—REQUISITES—CONTENTS.

There is no authority in law for including in a judgment foreclosing a mechanic's lien against a municipal improvement an adjudication that the plaintiff refused to offer evidence as to certain items claimed by him for the reason that they could not be considered in such proceedings, even though such adjudication was supported by the facts.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 913; Dec. Dig. § 373.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. INTEREST (§ 39*)—COMPUTATION.**

In an action to foreclose a mechanics' lien against a· municipal improve-ment, where the trial court refused to allow interest, which ruling was not appealed from, interest on the amount found due could be charged only from the date of the decision, not from the last day of the trial.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 83–89; Dec. Dig. § 39.*]

**4. MUNICIPAL CORPORATIONS (§ 373*)—JUDGMENT—DEBTS—BOND TO RELEASE LIEN.**

Where a contractor for the erection of a municipal building, after a lien was filed, executed a bond to discharge the lien, the judgment of fore-closure should run only against the contractor and his surety, and not against the city and its officers.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 913; Dec. Dig. § 373.*]

Appeal from Special Term, New York County.

Action by Coleman & Krause against the City of New York, John T. Brady & Co., and others, to foreclose a mechanic's lien. Judgment for the plaintiff, and defendants John T. Brady & Co. and another appeal. Modified and affirmed.

See, also, 158 App. Div. 922, 143 N. Y. Supp. 1110.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Claude A. Thompson (F. R. Ryan, of New York City, of counsel), for appellants.

W. McConihe, of New York City, for respondent.

DOWLING, J.   The defendants John T. Brady & Co. and National Surety Company appeal from certain portions of a judgment entered in an action to foreclose a mechanic's lien for work done in connection with a municipal improvement, the erection of the Washington Irving High School in the city of New York.   There is no question raised by this appeal as to the amount due the plaintiff under its contract, nor is its right to recover disputed.   Three questions only require consideration.

[1] First. Plaintiff sued to recover·the sum of $9,600 as a balance due it under the contract for this work between the defendant John T. Brady & Co. and itself, and its right to recover such sum was finally admitted upon the trial.   The plaintiff also claimed that after it entered upon the performance of its contract it performed addi-tional work on said school at the special instance and request of John T. Brady & Co., all of which was reasonably worth the sum of $3,-666.72; an itemized statement of which additional work was annexed to the complaint and made a part thereof.   Reference to this itemized statement shows that every item thereon is claimed and charged to be additional work within the ordinary and accepted meaning of that term.   There is no suggestion to be found either in the complaint or the itemized bill that the plaintiff's additional claim was based upon any other theory than that stated.   When plaintiff was required to furnish a bill of particulars of its claim, it furnished an elaborate statement of all the items thereon, wherein the character of such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

claim as one for extra work or additional work was emphasized and repeated, and plaintiff stated that:

"The name of the person with whom the agreement was made waiving, abandoning, and rescinding the requirements of plaintiff's contract that no extra work or changes in the work or additional work should be made except upon the written consent of the defendant, was John E. Dordan."

In the bill of particulars, when plaintiff proceeded to give the details of its various items of claim, 40 in all, it commenced with the statement that "the following are the 40 items of additional work referred to in the complaint." The defendant Brady & Co., by its answer, had set up certain clauses of the contract between it and the plaintiff, one of which provided that:

"No alterations shall be made in the work shown and described by the drawings or specifications, or extra work performed, except upon written order of the general contractor."

Upon the trial of the action, after plaintiff had established its right to recover for the balance unpaid under the contract, some colloquy occurred between counsel for plaintiff and defendant, from which it was made apparent to the court (and the record clearly shows that both counsel so understood) that plaintiff would be called upon to show compliance with the provision of the contract whereby all additional work was to be ordered in writing before any recovery could be made thereupon or to prove due waiver of such provision. Counsel for defendant conceded that plaintiff was entitled to recover for items 11 and 12 included in the claim for extra work, aggregating $76. Plaintiff's counsel then asked certain questions as to the official capacity of Mr. Dordan, treasurer of John T. Brady & Co., and offered a letter, produced by defendants, to the receipt of which in evidence objection was made by defendant's counsel. After further colloquy, plaintiff's counsel stated:

"The plaintiff desires to state on the record that it will give no evidence on items 1 to 40 except the two admitted items 11 and 12. That is our case."

The trial proceeded thereafter, and at the close of the entire case the court said:

"I suggest you gentlemen get together and prepare findings in accordance with my decision. There is no reason for any dispute."

Plaintiff's counsel suggested:

"Except I wish to put in the findings that we have here withdrawn our claim for extras."

The court replied:

"You may state in your findings that no evidence was offered on that point."

Previous to this colloquy the court had stated that the amount for which he would give judgment in favor of the plaintiff was $9,052.10.

With the record in this condition, showing that the plaintiff had consistently and steadily claimed from the inception of the action that its claim, over and above the balance of the contract price, was one solely for additional or extra work, and with its failure to offer any proof as to 38 out of 40 items thereof emphasized and repeated

upon the record, it nevertheless presented for signature findings and a judgment setting forth an entirely different and inconsistent state of facts, for which there is no warrant disclosed by the record. It is to the provisions thus embodied in the decision and judgment as finally made that objection is now taken. It was found by the court as a conclusion of law:

"9. That upon the trial of this action no evidence was given as to any of the 40 items claimed by plaintiff to be additional or extra work set forth is Exhibit A annexed to the amended complaint, and plaintiff withdrew same from the consideration of the court, and the court did not pass on same (excepting, however, said two items Nos. 11 and 12 of $16.00 and $60.00 respectively, which said two items the defendant John T. Brady & Co. expressly admitted in its answer and also upon the trial) for the reason that they were in the nature of damages for breach of contract, which could not be included in a municipal lien, or recovered in an equity action."

We find in the record no basis whatever for the conclusion that the plaintiff withdrew its claims for extra work from the consideration of the court, and that the court did not pass on same for the reason that they were in the nature of damages for breach of contract. Such a contention was not made at any time during the progress of the litigation or the course of the trial, and was not suggested during the trial as a reason for the failure to offer proof upon these items. This conclusion of law is without foundation and must be modified by striking out therefrom the words "and plaintiff withdrew same from the consideration of the court, and the court did not pass on same," and also "for the reason that they were in the nature of damages for breach of contract, which could not be included in a municipal lien, or recovered in an equity action."

[2] The judgment contains a paragraph repeating this conclusion of law as a part thereof. Not only do we find no basis in fact for the portions to which reference is made here, but we find no authority in law for the inclusion of such a provision in a judgment, and therefore the entire final paragraph of the judgment beginning with the words, "and it is further ordered, adjudged, and decreed that upon the trial of this action no evidence was given as to any of the 40 items claimed by plaintiff" should be expunged therefrom.

[3] Second. Objection is made to the date from which interest has been allowed the last day of the trial. The court at the conclusion of the hearings announced that it did not think the defendant should be mulcted in interest, and plaintiff's counsel replied that he was inclined to think the court was right, but that his client desired him to make the point, to which the court replying reiterated its view that no interest should be allowed. Under these conditions, and the plaintiff not appealing from the refusal to allow interest as of the earlier date, we think the only time from which interest is properly chargeable is that of the making of the decision herein—December 19, 1913 —and that the sixth conclusion of law in the decision, and the provision for interest in the judgment should be modified accordingly.

[4] Third. After the filing of the lien herein, the John T. Brady Company bonded the same; the defendant National Surety Company being the surety thereupon. The judgment directs the recovery

against John T. Brady & Co., the contractor, as well as against the National Surety Company, which "by virtue of its said bond given by it to discharge the municipal lien of the plaintiff, as alleged in the amended complaint herein, became and now is liable thereon to this plaintiff, and it is further ordered, adjudged, and decreed that the plaintiff recover from the defendants John T. Brady & Co. and the National Surety Company, jointly and severally, the sum of $9,078.10 with interest thereon from December 3, 1913, and that this plaintiff have execution therefor." Despite this provision, the judgment also ran against the city of New York, the board of education of the city of New York, and the comptroller of the city of New York, as its financial officer, which were directed and ordered to pay to the plaintiff or its attorney and assignee the amount of the judgment with interest. There was also a recital in the judgment that the plaintiff was entitled to judgment against all the defendants. The plaintiff's counsel has suggested no theory under which the city of New York, or the board of education of the city of New York, should be held liable. The very purpose for which the bond was given by the surety company was to assume the liability which otherwise would have attached to the funds belonging to the contractor and still in the hands of the city, but when that bond became effective the city was discharged from any further liability as between the parties.

It follows therefore that the third and fourth conclusions of law embraced in the decision herein, directing payment by the city of New York and the board of education of the city of New York and the comptroller of the city of New York, should be stricken from the decision as improperly included therein and unsupported by any facts in the case. The recital in the judgment should be modified so that, instead of finding that the plaintiff was entitled to judgment against the defendants "and each and every one of them," it should recite that the plaintiff was entitled to judgment against the defendants John T. Brady & Co. and the National Surety Company only. The two paragraphs of the judgment following in terms the conclusion of law directed to be stricken from the decision should also be stricken from the judgment, being the paragraphs with reference to the city, the board of education, and the comptroller, which begin at folio 278 and end at folio 280 of the case on appeal.

As thus modified, the judgment will be affirmed, with costs to the appellant. All concur.